UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MENSAH THOMAS,

   Plaintiff,

v.

DIRECTOR GAIL WATTS,
DEPUTY DIRECTOR RENARD BROOKS,
SGT. DUPREE,
LT. T. DAVIS,
and
DIETARY SGT. G. CARTER,

   Defendants.

Civil Action No. TDC-22-2375

**MEMORANDUM OPINION**

Plaintiff Mensah Thomas, a detainee previously confined at the Baltimore County Detention Center ("BCDC") in Towson, Maryland, has filed this civil action pursuant to 42 U.S.C. § 1983 in which he alleges that he was subjected to cruel and unusual punishment when he was exposed to "toxic fumes" when the floor at the detention center was refinished. Am. Compl. at 2, ECF No. 18. Defendants BCDC Director Gail Watts, BCDC Deputy Director Renard Brooks, Sgt. Dupree, Lt. T. Davis, and Dietary Sgt. G. Carter have filed a Motion to Dismiss the Amended Complaint. Thomas was notified of his right to file a memorandum in opposition to the Motion, but he has not done so. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

## BACKGROUND

In the operative Amended Complaint, Plaintiff Mensah Thomas alleges that on March 3, 2022, while he was incarcerated at BCDC, a contractor retained by BCDC conducted refinishing of the floor on Tier 3H that involved the use of "hundreds of gallons of acetone, and also epoxy to strip the floor." Am. Compl. ¶ 6. According to Thomas, BCDC's ventilation, which recycles the air, caused "toxic fumes" to move through the vents into Tier 2G, in which he was located. *Id.* ¶ 8. Although Thomas and others made multiple complaints to correctional staff, no action was taken to resolve the issue or move the Tier 2G inmates further away. In Thomas's view, all inmates in the G and H Tiers should have been moved. He alleges that "BCDC deliberately subjected us to cruel and unusual punishment," in violation of the Eighth Amendment to the United States Constitution. *Id.* ¶ 12. He seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## DISCUSSION

In their Motion, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Thomas has failed to state a plausible claim for relief as to any claim, and that Defendants are entitled to qualified immunity.

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the

complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II.   Conditions of Confinement

Thomas alleges that his exposure to the fumes from the floor refinishing process violated his right to be free from cruel and unusual punishment under the Eighth Amendment. Although Thomas asserted that he was a "prisoner" of the State of Maryland at the time of the incident, Am. Compl. ¶ 3, Defendants assert that Thomas was a pretrial detainee at that time, such that his claim could arise only under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. Thomas's specific detention status is immaterial to the resolution of his claim because the result is the same under either standard.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Conditions of confinement that "involve wanton and unnecessary infliction of pain," or which "deprive inmates of the minimal civilized measure of life's necessities," may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In order to establish an Eighth Amendment claim based on unconstitutional conditions of confinement, a plaintiff must prove two elements: that "'the deprivation of [a] basic human need was objectively sufficiently serious,' and that subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)).

The objective prong of a conditions-of-confinement claim requires the prisoner to "'produce evidence of a serious or significant physical or emotional injury resulting from the

3

challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Id.* (quoting *Strickler*, 989 F.2d at 1381). Thus, "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" violates the Eighth Amendment, even if "the complaining inmate shows no serious current symptoms." *Helling v. McKinney*, 509 U.S. 25, 33 (1993); *see Webb v. Deboo*, 423 F. App'x 299, 300 (4th Cir. 2011). For the subjective prong, to establish a sufficiently culpable state of mind, there must be evidence of deliberate indifference, in that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991) (applying the deliberate indifference standard to conditions-of-confinement claims). "[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

To state a Fourteenth Amendment claim based on unconstitutional conditions of confinement, a pretrial detainee must allege facts sufficient to show that the action taken was not "rationally related to a legitimate nonpunitive governmental purpose" or is "excessive in relation to that purpose." *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 399 (2015)). "[I]t is sufficient that the plaintiff show that the defendant's action or inaction was . . . objectively unreasonable" in that the defendant acted or failed to act "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citations omitted).

Whether Thomas's claim is analyzed under the Eighth or Fourteenth Amendment, he has failed to state a plausible claim for relief. Generally, for an individual to be held liable under 42

U.S.C. § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985). The doctrine of *respondeat superior*, or vicarious liability, does not apply on a § 1983 claim. *See id.*; *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Other than naming Deputy Director Brooks, Sgt. Dupree, Lt. T. Davis, and Dietary Sgt. G. Carter as defendants in the caption of the Amended Complaint, Thomas does not provide any factual allegations of any acts or omissions by any of them, much less any relating to the alleged toxic fumes. He has not even asserted facts showing that any of these defendants had actual or constructive knowledge of the allegedly dangerous conditions arising from fumes that resulted from the resurfacing of the floor, that Thomas was exposed to the fumes, or that they were aware or should have been aware that exposure to the fumes would create a substantial risk of serious harm. He therefore has failed to state a claim against any of these defendants.

Although Thomas asserts that Director Watts "is the Director for Baltimore County Detention Center" and that "[s]he is legally responsible for the operation of BCDC, and for the welfare of all the inmates in the Detention Center," Am. Compl. ¶ 4, he has failed to allege any personal involvement by Director Watts in the incident. To hold a defendant liable as a supervisor, a plaintiff must show that: (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Thomas has not alleged facts showing that Director Watts had any actual or

constructive knowledge of any of the conditions referenced in the Amended Complaint. Accordingly, the Court finds that there is insufficient basis to support an Eighth or Fourteenth Amendment claim against Director Watts. The Motion will therefore be granted, and the Court need not address Defendants' remaining arguments.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED. A separate Order shall issue.

Date: March 27, 2024

THEODORE D. CHUANG
United States District Judge